19951

The STATE, Respondent, v. John Steven ATTARDO, Appellant

(211 S. E. (2d) 868)

*Messrs. Grimes, Hinds & Cowan,* of Myrtle Beach, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., C. Tolbert Goolsby, Dep. Atty. Gen., and Sidney S. Riggs, III, Staff Atty., of Columbia, and J. M. Long, Jr., Sol., of Conway, for Respondent,*

January 28, 1975.

Ness, Justice:

The appellant was tried and found guilty of possession of more than one ounce of marijuana with the intent to distribute. Seeking reversal, he contends that the trial judge erred in failing to charge that such possession must be knowing or intentional and by charging that the burden shifted to the appellant to prove that he, in fact, had no knowledge of what he possessed.

The conviction was based on § 32-1510.49(b) of the South Carolina Code 1962 (1973 Cum. Supp.). That section reads: "It shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to a valid prescription or order of, a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this article."

The forbidden act is "knowingly or intentionally possessing certain substances." This language evinces a legislative desire to fasten a general, but not a specific, criminal intent as an element of the offense. Appellant's contentions arise from the trial judge's efforts to adequately charge the jury concerning this criminal intent. The assaulted charge follows. "In other words, if I went to the Post Office and got out a package and it happened that it had marijuana in it, but I didn't know that it had marijuana in it—it had been mailed to me by somebody that I didn't know, and I had no knowledge whatsoever and I could prove that I didn't know, then, that would be a defense. But, normally where a person is in possession of contraband, there is a factual presumption that he knows what it is, and the burden is then on him to prove that he did not have actual knowledge."

We conclude that considering the instructions as a whole the jury was adequately and correctly advised as to the full meaning of the word "knowledge".

It is to be observed that in drug cases although the element of knowledge is seldom susceptible of direct proof, it may be proved circumstantially. *Eason v. United States,* 281 F. (2d) 818 (9th Cir. 1960); *United States v. Pinna,* 229 F. (2d) 216 (7th Cir. 1956); *Covarrubias v. United States,* 272 F. (2d) 352 (9th Cir. 1959). It can be proved by the evidence of acts, declarations, or conduct of the accused from which the inference may be drawn that the accused knew of the existence of the prohibited substances. *State v. Ham,* 256 S. C. 1, 180 S. E. (2d) 628 (1971); *State ex rel. Glantz v. District Court,* 154 Mont. 132, 461 P. (2d) 193, 198 (1969). Possession as heretofore defined by this Court in *State v. Ellis,* S. C., 207 S. E. (2d) 408 (1974) and *State v. Tabory,* 260 S. C. 355, 196 S. E. (2d) 111 (1973) gives rise to an inference of the possessor's knowledge of the character of the substance. The record before us does not contain any testimony, therefore, there is before us neither direct proof of knowledge, nor proof of actual physical possession. We understand from the briefs that it is conceded that the appellant was in actual possession of the controlled substance.[1] Knowledge thus properly became a question for the jury. *Eason v. United States, supra; Evans v. United States,* 257 F. (2d) 121, 128 (9th Cir. 1958).

The appellant next assigns error to instructions given by the trial court which purported to place the burden of proof, as to lack of knowledge, upon the appellant.

A basic principle of criminal law is that the State has the burden of proof as to all of the essential elements of the crime. *State v. Paulk,* 18 S. C. 514 (1883); 22A C. J. S., Criminal Law, § 566, p. 307; Wharton's Criminal Evi-

---

[1] We recently held that pursuant to Supreme Court Rule 4, Section 3, and Rule 8, Section 7, that "the appellant has the right to propose the record and designate its contents. The burden of proof is on the appellant to convince this Court that the lower court was in error. In order to do this he must place in the record sufficient testimony to serve as a foundation for his argument . . ." *Conran v. Joe Jenkins Realty Co.,* S. C., 210 S. E. (2d) 309, 310 (1974).

dence, Vol. 1, Section 16, p. 24. Furthermore, it has been held that when knowledge is an element of the crime, it must be proved by the prosecution. *Piquett v. United States,* 7 Cir., 81 F. (2d) 75 (1936).

"Subject to the exceptions referred to above, the burden of proof rests on the prosecution at every stage of the trial and *never shifts, not even when the prosecution has established a prima facie case.* On the other hand, it has been stated that the burden of proof in criminal prosecutions may be lifted from the state and cast on accused *by statute,* where the state has proved enough to make it *just* to require accused to repel what has been proved with excuse or explanation, or the shifting of the burden will aid accuser *without subjecting accused to hardship or oppression."* 22A C. J. S., Criminal Law, § 566, pp. 310-311. (Emphasis added.)

The case of *Communist Party of United States v. United States,* 118 U. S. App. D. C. 61, 331 F. (2d) 807 (1963), holds that the burden of proof of an element of the offense may be shifted to the defendant where the pertinent information "is much more readily available to the defendant than to the government," *provided* this does *not* produce hardship or oppression on the accused. See *Morrison v. California,* 291 U. S. 82, 87-89, 54 S. Ct. 281, 78 L. Ed. 664 (1934).

The obvious rationale behind the principle that the burden of proof is on the State is the safeguard of the presumption of innocence. When the burden is shifted likewise the safeguard is removed. Hence, especially in a criminal case with its constitutional overtones of due process, instances when the burden may be shifted without prejudice must be perused with a discerning eye. Of course, affirmative defenses must be established by the party interposing them and by a preponderance of the evidence. But, it would be an extreme inconsistency to consider an element of the crime as an affirmative defense, for where the

crime is not proven there is no need for defenses. In this case, knowledge, the element in question, *must* be established by the State before the accused has to put forth *any* defenses. Even where the State establishes a *prima facie* case, the burden of proof in a criminal case does *not* shift but the accused is only required to overcome inferences the State has established. *Wallace v. United States,* 281 F. (2d) 656 (C. A. S. C., 4 Cir. 1960). A shifting of the burden of proof would impose a significantly greater onus on the defendant and, even more significantly, it would obliterate the presumption of innocence.

Although there is no case directly on point in South Carolina, the dicta in several cases afford the same conclusion. In *State v. Young,* 238 S. C. 115, 119 S. E. (2d) 504 (1961) error was claimed in the instruction to the jury in that it might have given the inference that the burden of proof was shifted to the defendant. The portion of the charge that was objected to was as follows:

"The burden of proof is upon the State to prove the guilt and it does not shift to this defendant in this case except upon any testimony which may relate to the defense of insanity and then the burden shifts to him to prove by the greater weight or preponderance of the evidence the fact of insanity because that rests upon the defendant. The State is not required to prove the defendant sane at all, but if insanity be pleaded by anyone the burden rests upon him who pleads to prove his plea by the greater weight or preponderance of the evidence." p. 137, 119 S. E. (2d) p. 516.

The Court noted that on nine occasions the trial judge made reference to the fact that the State had to prove the guilt of the accused and that such an instruction was proper as to an *affirmative defense.* It is also well established in case law that when the State has made out a *prima facie* case under a statute and the defendant claims to fall within an *"exception"* or "proviso" in the statute the burden is on the defendant to establish such a defense. *State v. Solo-*

*mon*, 245 S. C. 550, 141 S. E. (2d) 818 (1965); *State v. Browning*, 154 S. C. 97, 151 S. E. 233 (1930); *State v. Burns*, 133 S. C. 238, 130 S. E. 641 (1925).

Under proper circumstances the statutory section quoted above furnishes a classic example of when the burden of proof would shift to the defendant. If the defendant had alleged that he was legally entitled to the drugs under a valid medical prescription, he would have the burden of proving the existence of the prescription.[2]

In the matter before the Court, knowledge is an explicit element of the crime; therefore, it would be improper to also classify it as a proviso or exception which would shift the burden to the defendant. For, if in fact such a conclusion were logical, it would follow that every element of every crime would also be an exception. Hence, the burden of proof could be shifted in any criminal case by the mere assertion that the defendant is claiming an exception under the statute.

Such a conclusion is of course absurd and would necessarily negate any presumption of innocence. Yet, here, this was the obvious charge of the trial judge: "the burden is then on him (the defendant) to prove that he did not have actual knowledge." In essence, the charge put the burden of proof on the defendant to prove his innocence as to an element of the offense. How could this not contravene the right to be presumed innocent until proven guilty?

The burden of all elements of the offense should have remained on the State. From the above discussion of the element of knowledge, it is evident

___

[2] While this particular offense occurred prior to June 7, 1974, our legislature by statute (R 1211, H 1708), Section 8 of Act 445 of 1971 as amended and approved on June 7, 1974, reads as follows: "Section 45. Burden of Proof; Liabilities; Immunity.—(a) *It shall not be necessary for the State to negate any exemption or exception set forth in this act in any complaint, information, indictment or other pleading or in any trial, hearing, or other* proceeding under this *act, and the burden of proof of any such exemption or exception shall be upon the person claiming its benefit.*" (Emphasis added.)

that the State adequately proved its case for the guilt or innocence of the accused to be resolved by the jury. The accused was still presumed to be innocent. He was entitled to have his guilt or innocence determined without the onus of the burden of proof being placed upon him.

Reversed and remanded.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.

