## 32711. MILLER v. THE STATE.

JORDAN, Justice.

Appellant, Sammy Miller, was convicted of murder and sentenced to life imprisonment. Appellant contends that the trial court erred in admitting a confession and that without this confession sufficient evidence was lacking to support the jury's verdict.

The appellant gave the police a lengthy statement

which explained in detail the appellant's participation, along with an accomplice, in the burglary, rape and murder of the victim. Upon conclusion of a lengthy Jackson v. Denno hearing, the trial judge ruled that appellant's confession was voluntary and was made after an intelligent waiver of his rights. Appellant argues that the trial court erred in admitting this statement allegedly made by him while in custody in that his purported waiver of his constitutional rights was not voluntary and that he was not mentally capable of knowingly and intelligently waiving these protected rights.

Appellant, age sixteen at the time of his arrest, was taken into custody at his home at approximately two o'clock on a Sunday morning. He was advised of his rights in the presence of his parents before being taken to the Macon City Jail. Officers began questioning appellant at approximately 6:00 on Monday afternoon after securing from him and his parents, who were present during the questioning, a signed waiver of rights. After three to three and one-half hours of questioning, the appellant confessed. A secretary was called and began transcribing appellant's statement at approximately 11 p.m.

Appellant contends that because of his age, slightly under 17, and as a result of the length of the interrogation, any waiver of his rights and subsequent statement were not voluntarily made. There is no claim, nor would the evidence support any claim, that the circumstances of the interrogation were in any way oppressive or coercive. Appellant's parents were present through his questioning and were advised of his Miranda rights. The appellant and each parent acknowledged the waiver of rights in writing. There is also testimony from one of the officers and the appellant himself showing that the appellant's mother participated in the questioning by encouraging her son to tell the truth. Under the facts of this case there is sufficient evidence to allow the admission of appellant's statement. *Freeman v. Wilcox,* 119 Ga. App. 325 (167 SE2d 163) (1969); *Riley v. State,* 237 Ga. 124 (226 SE2d 922) (1976).

Appellant also contends that he could not knowingly make an intelligent waiver of his rights because of his mental deficiency. During the Jackson v. Denno hearing,

there was testimony from a teacher, who had taught appellant as a trainable mentally retarded person, that the appellant was mentally retarded and would not understand the meaning of words such as "voluntarily" and "waived." A clinical psychologist testified that while the appellant appeared to be of borderline intelligence he did know right from wrong and was aware of the consequences of criminal behavior. Appellant testified that Miranda warnings had been read to him and that he understood each of these rights.

The question of whether or not a defendant is capable or incapable of making a knowing and intelligent waiver of his rights is to be answered by the trial judge and will be accepted by this court unless such determination is clearly erroneous. *Hurt v. State,* 239 Ga. 665 (1977). The trial judge has an opportunity to observe a defendant as he testifies and to determine from his actions and demeanor on the stand whether or not the individual has sufficient intelligence to make a voluntary waiver of his rights. Based on this observation and other evidence the trial judge has determined that the appellant made a knowing and intelligent waiver of his rights, and that determination is amply supported by the evidence.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 2, 1977 — DECIDED NOVEMBER 1, 1977.

*Charles M. Leverett,* for appellant.

*Walker P. Johnson, Jr., District Attorney, Thomas J. Matthews, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.