21062

The STATE, Respondent, v. Floyd M. DOBY, Jr., Appellant.

(258 S. E. (2d) 896)

*H. F. Partee* and *Richard W. Hendrix,* Greenville, *for Appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbes* and *Staff Atty. Buford S. Mabry, Jr.,* Columbia, and *Sol. William W. Wilkins, Jr.,* Greenville, *for Respondent.*

October 3, 1979.

NESS, Justice:

Appellant Doby was convicted of murder and sentenced to life imprisonment. We affirm.

Sally Ann Hutchinson died from a stab wound to her chest. There were no signs of forced entry into her home, and although her clothes were disarranged, there was no evidence of sexual contact. Appellant confessed to her murder two years later.

Appellant first asserts error in a remark by the trial judge during defense counsel's opening argument. After defense counsel had characterized the State's burden of proof as "goobledy gook" and appellant's right to take the stand as "mumbo jumbo," the trial judge stated: "those basic principles of law are not to be characterized by any attorney worth his salt as mumbo jumbo." Appellant

argues this remark denied him his right to effective assistance of counsel. We disagree.

The trial judge's remark was not directed specifically to defense counsel, but rather was incidental to the court's exercise of its duty to maintain the dignity and decorum of the courtroom. *Illinois v. Allen*, 397 U. S. 337, 90 S. Ct. 1057, 25 L. Ed. (2d) 353, reh. den., 398 U. S. 915, 90 S. Ct. 1684, 26 L. Ed. (2d) 80 (1970); *State v. Tuckness*, 257 S. C. 295, 185 S. E. (2d) 607 (1971). The only discernible effect of the remark was to impress upon the minds of the jurors the seriousness of the trial and the respect normally accorded the legal process.

Appellant next asserts it was error to admit his confession into evidence. He claims he did not voluntarily and intelligently waive his Fifth and Sixth Amendment rights. We disagree.

The following facts were developed at the *Jackson v. Denno*, 378 U. S. 368, 84 S. Ct. 1774, 12 L. Ed. (2d) 908, 1 A. L. R. (3d) 1205 (1964) hearing. On the afternoon of the confession, appellant voluntarily went to the Greenville City-County Law Enforcement Center to obtain information on a vocational rehabilitation program. While there, two police investigators asked appellant if he would mind talking with them. Appellant consented and they went to the investigators' office.

After some preliminary questions on appellant's background, the investigators administered *Miranda* warnings. Appellant waived his rights both orally and by signing a printed waiver of rights form. He was not then, nor at any other time prior to his confession, placed under arrest.

We hold that *Miranda v. Arizona*, 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. (2d) 694 (1966), is inapplicable to these facts. *Miranda* applies "only where there has been such a restriction on a person's freedom as to render him 'in custody.' " *Oregon v. Mathiason*, 429

U. S. 492, 495, 97 S. Ct. 711, 714, 50 L. Ed. (2d) 714 (1977) quoted in *State v. Neeley,* 271 S. C. 33, 244 S. E. (2d) 522 (1978).

Simply because the interview took place at the Law ■ Enforcement Center and at the initiation of police investigators did not render it a "custodial interrogation." Rather, the fact appellant voluntarily agreed to accompany the investigators to their office and answer questions without being placed under arrest indicates a noncustodial situation. See *Oregon v. Mathiason, supra; Barfield v. Alabama,* 552 F. (2d) 1114 (5th Cir. 1977); *State v. Neeley, supra.* Moreover, the mere giving of *Miranda* warnings did not convert the otherwise noncustodial situation into "custodial interrogation." *U. S. v. Akin,* 435 F. (2d) 1011 (5th Cir. 1970); *U. S. v. Owens,* 431 F. (2d) 349 (5th Cir. 1970); *State v. Neeley, supra.*

Even if *Miranda* is applicable, we believe its require- ■ ments were fulfilled. The investigators read appellant his rights from a printed waiver form. They then handed it to him for his own inspection. After appellant read one sentence aloud and appeared to read the rest to himself, he acknowledged his waiver both orally and in writing.

The signing of the waiver form alone is not con- ■■ clusive; the State still has the burden of showing the waiver was voluntary. *State v. Pendergrass,* 270 S. C. 1, 239 S. E. (2d) 750 (1977). This requires an examination of the totality of the circumstances surrounding the waiver, *Schneckloth v. Bustamonte,* 412 U. S. 218, 93 S. Ct. 2041, 36 L. Ed. (2d) 854 (1973), including the background, experience, and conduct of the accused. *Johnson v. Zerbst,* 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938); *United States v. Hayes,* 385 F. (2d) 375 (4th Cir. 1967), cert. den., 390 U. S. 1006, 88 S. Ct. 1250, 20 L. Ed. (2d) 106 (1968); *State v. Pendergrass, supra.*

The session occurred during regular business hours. One of the investigators testified that no threats or inducements were made, very few questions were asked, and appellant willingly provided a rambling narrative of the murder. The actual oral confession was made in only two hours. These facts are analogous to those in *State v. Neeley, supra,* and tend to prove the voluntariness of appellant's waiver.

The most damaging testimony at the *Jackson v. Denno* hearing was elicited from appellant himself. When asked whether the officers had forced him to give the confession appellant responded that he "did it on my own free will." In light of these facts, we hold that appellant voluntarily and intelligently waived his Fifth and Sixth Amendment rights.

Appellant also argues he lacked the necessary mental capacity to understand and assert his rights and, therefore, to voluntarily and intelligently waive them. "We have consistently held that mental deficiency alone is not sufficient to render a confession involuntary but that it is a factor to be considered along with all of the other attendant facts and circumstances in determining the voluntariness of the confession. *State v. Cain,* 246 S. C. 536, 144 S. E. (2d) 905; *State v. Callahan,* 263 S. C. 35, 208 S. E. (2d) 284." *In Re Williams,* 265 S. C. 295, 301, 217 S. E. (2d) 719, 722 (1975). We believe the same principle applies where the issue is the voluntariness of a defendant's waiver of his constitutional rights. See *United States v. Young,* 529 F. (2d) 193 (4th Cir. 1975); *Boulden v. Holman,* 257 F. Supp. 1013 (D. C. Ala. 1966); *Miller v. State,* 240 Ga. 110, 239 S. E. (2d) 524 (1977).

Appellant further asserts the trial judge used an improper balancing test to determine the voluntariness of his confession. This is without merit. The record reveals a detailed inquiry into the totality of circumstances surrounding the confession and an express finding, based upon all the testimony adduced at the *Jackson v. Denno* hear-

ing, that it was freely and voluntarily given. *Lego v. Twomey,* 404 U. S. 477, 92 S. Ct. 619, 30 L. Ed. (2d) 618 (1972) ; *State v. Neeley, supra.*

Appellant next asserts error in allowing the solicitor to cross examine him and his psychiatric witnesses about appellant's two prior convictions for trespassing in public women's restrooms, and in admitting a note he had left in one of those restrooms into evidence. We hold that appellant opened the door to this cross examination by direct testimony regarding his passive character and lack of mature sexual desires. *State v. Allen,* 266 S. C. 468, 224 S. E. (2d) 881 (1976) ; *State v. Outen,* 237 S. C. 514, 118 S. E. (2d) 175, *cert. den.,* 366 U. S. 977, 81 S. Ct. 1948, 6 L. Ed. (2d) 1266 (1961). Moreover, the note constituted an admission by appellant which tended to further illuminate a material issue, *i. e.,* appellant's character, and was properly admissible. *State v. Turner, et al.,* 117 S. C. 470, 109 S. E. 119 (1921).

Appellant's next two exceptions are to the trial judge's charge. Based on *State v. Cain,* 246 S. C. 536, 144 S. E. (2d) 905 (1965), appellant asserts the trial judge erred in refusing to charge certain requested instructions. This reliance is misplaced.

In *Cain, supra,* although the defendant had been diagnosed insane, the trial judge gave no instructions whatsoever as to the rules governing confessions. Here appellant was diagnosed as a borderline mental retardate with a personality disorder, but not insane. Moreover, the trial judge carefully instructed the jury they must disregard the confession unless they found from all of the evidence presented at trial that it was, in fact, freely and voluntarily given. While this charge is not constitutionally required, *Lego v. Twomey, supra,* it is appropriate. *State v. Pauling,* 264 S. C. 275, 214 S. E. (2d) 326 (1975). We hold the trial judge did not err in refusing to give the requested instruction.

Appellant also argues the trial judge erred in instructing the jury he had ruled the confession "admissible evidence" as a "matter of law." While it may be poor practice for a trial judge to comment on the fact that he has previously ruled on a confession's admissibility see *U. S. v. Inman,* 352 F. (2d) 954, 956 (4th Cir. 1965) (dicta), when measured against the adequacy of his charge as a whole, *State v. Vaughan,* 268 S. C. 119, 232 S. E. (2d) 328 (1977), we do not believe this statement constituted reversible error. *Accord Dempsey v. State,* 277 Md. 134, 355 A. (2d) 455 (1976).

We have considered all other exceptions and find them to be without merit and dismiss them under Rule 23.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.