68343. WILLIAMS v. THE STATE.

BANKE, Presiding Judge.

On his appeal from his conviction of aggravated sodomy, the appellant's primary contention is that the superior court erred in denying his plea of former jeopardy, as he had previously faced juvenile court charges arising from the same incident. *Held*:

1. The superior court and the juvenile court had concurrent jurisdiction over the offense, and whichever court first took jurisdiction was authorized to retain it. See OCGA § 15-11-5 (b); *Relyea v. State*, 236 Ga. 299 (223 SE2d 638) (1976). It is undisputed that the superior court took jurisdiction of the sodomy charge before the juvenile court ever took jurisdiction of the matter. Indeed, it does not appear that the matter was ever before the juvenile court. This enumeration of error is without merit.

2. "Being discretionary, the trial court's denial of the [defen-

dant's] motion to sever will not be disturbed unless the defendant can make a clear showing of prejudice." *Depree v. State*, 246 Ga. 240, 241 (271 SE2d 155) (1980). In this case, the State followed the editing procedure set out in Paoli v. United States, 352 U. S. 232, 237 (77 SC 294, 1 LE2d 278) (1957), as to the statements made by the appellant and a co-defendant, and there was no violation of the rule announced in Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968). There has been no showing of prejudice resulting from the denial of the motion for severance.

3. The appellant enumerates as error the admission into evidence of a statement he made to police while in custody. "The question of whether or not a defendant is capable or incapable of making a knowing and intelligent waiver of his rights is to be answered by the trial judge and will be accepted by this court unless such determination is clearly erroneous." *Miller v. State*, 240 Ga. 110 (239 SE2d 524) (1977); *Marshall v. State*, 248 Ga. 227 (282 SE2d 301) (1981). The circumstances surrounding the taking of the statement in this case were thoroughly examined in a Jackson v. Denno hearing, and no abuse of discretion has been shown in admitting the statement.

4. The appellant contends the court erred in failing to give his requested charge on identity in accordance with *Hightower v. State*, 225 Ga. 681 (171 SE2d 148) (1969). However, it is clear from a review of the transcript that there was no issue of mistaken identity in the case. The appellant admitted his presence at the scene, and although he denied some of the acts attributed to him by the victim and other witnesses, his own testimony would have authorized his conviction as a party to the crime. This enumeration of error is without merit.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED MAY 17, 1984.

*Diane C. DeLoach*, for appellant.
*Spencer Lawton, Jr., District Attorney, M. Kay Jackson, David T. Lock, Assistant District Attorneys*, for appellee.