76882. JONES v. THE STATE.
(372 SE2d 828)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of the offense

of burglary. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict.

1. Appellant enumerates the general grounds. "After a review of the entire record, we find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of guilt of the defendant beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court's failure to give appellant's requested charge on identity is enumerated as error. A review of the record shows, however, that there was no evidence which raised the issue of mistaken identity in this case. Accordingly, the trial court's refusal to give appellant's requested charge on identity was not error. See *Williams v. State*, 171 Ga. App. 34, 35 (4) (318 SE2d 768) (1984).

3. The trial court's failure to give appellant's requested charge concerning the motivation and bias of witnesses is enumerated as error. "As the requested instruction at least minimally was covered adequately by the charge given [on credibility of witnesses], the court's failure to instruct the jury in the language requested, even if such request were perfect, does not constitute reversible error. [Cits.]" *Mitchell v. State*, 157 Ga. App. 181, 183 (3) (276 SE2d 864) (1981).

*Judgment affirmed. Sognier, J., concurs. Deen, P. J., concurs specially.*

DEEN, Presiding Judge, concurring specially.

While agreeing with the majority opinion's affirmance of the appellant's conviction, further factual exposition and delineation of what occurred will perhaps bolster the majority opinion; otherwise application of Rule 37 (b) is a viable option. A mute opinion (absence of any facts), where the liberty of a citizen is at stake, needs to be strengthened. The following summary of the facts is offered for that purpose.

As the appellant and his cousin were going home early one morning, the appellant decided to get some liquor by going through the roof of a liquor store. The appellant and his cousin took several bottles of liquor and hid them by a peach tree. The next day the appellant's cousin related this to his mother, who informed the liquor store's owner, who notified the sheriff, who looked around on the roof of the liquor store and found the appellant's cigarette lighter that had a nude woman painted on one side. The appellant consequently was picked up, and subsequently gave an oral statement in which he admitted the offense. At trial, however, the appellant denied giving the statement.

The evidence authorized a rational trier of fact to find the appellant guilty beyond a reasonable doubt of burglary. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

DECIDED SEPTEMBER 6, 1988.

*Robert M. Bearden, Jr.*, for appellant.
*Willis B. Sparks III, District Attorney, Thomas J. Matthews III, Assistant District Attorney*, for appellee.