494 S.E.2d 460

STATE of South Carolina, Appellant,

v.

Maryalyce Patterson SIMMONS, Respondent.

No. 2757.

Court of Appeals of South Carolina.

Heard Nov. 4, 1997.

Decided Dec. 8, 1997.

R. Allen Young, Mt. Pleasant; and C. Mac Gibson, Jr., Charleston, for appellant.

Mendel J. Davis, Mt. Pleasant, for respondent.

HUFF, Judge:

Respondent, Maryalyce Patterson Simmons, was tried in the municipal court of the town of Mt. Pleasant for driving

under the influence. Following her conviction, she appealed to the circuit court. The circuit court judge held the trial court improperly admitted the results of Simmons's field sobriety tests, and reversed her conviction. The State appeals. We reverse.

## FACTUAL/PROCEDURAL BACKGROUND

On July 9, 1994 Simmons was pulled over by Officer Jordan of the Mt. Pleasant Police Department. Jordan testified Simmons "was swerving all over the road." Her eyes were red, her speech was slurred, she smelled of alcohol, and she was unsteady on her feet, swaying when she walked. Jordan read Simmons her Miranda [1] rights. Shortly thereafter, Officer Kenneally arrived and also read Simmons her Miranda rights. Kenneally then administered field sobriety tests. Simmons had trouble reciting her ABC's, despite being given several opportunities. She further had trouble keeping her balance when asked to stand on one leg.

At the Mt. Pleasant Police Station, Simmons took a breathalyzer test.[2] Both Simmons and her sister, who was present throughout the incident, testified that following the datamaster test, Simmons was asked by Jordan to take another field sobriety test. Jordan denied conducting another field sobriety test after the datamaster test, but stated she only requested Simmons to walk so the breathalyzer operator could observe her. The breathalyzer operator confirmed that no further field sobriety tests were conducted, but Simmons was asked to walk so he could complete a form he was required to submit.

Following her conviction in municipal court, Simmons appealed to the circuit court. The circuit court judge found that because Simmons had been read her Miranda rights, she was in a custodial situation, yet she was required to give self-incriminating evidence. He therefore held that because the officers failed to obtain a knowing and voluntary waiver of Simmons's rights prior to administering the field sobriety tests, the testimony regarding the field sobriety tests was

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. Although it is unclear whether the breathalyzer results were admitted into evidence, questioning of Simmons by the prosecution indicates she blew a .16 on the datamaster test.

improperly admitted. Accordingly, he reversed Simmons's conviction, finding Simmons was entitled to a directed verdict in light of the failure of the arresting officers to obtain a valid waiver.

## ISSUE

On appeal, the State contends the trial judge erred in finding there was no waiver by Simmons of her rights. It further argues that because *Miranda* warnings were not required in this situation, the circuit court judge erred in reversing Simmons's conviction. We agree.

## LAW/ANALYSIS

We first note the record shows no objection to Jordan's testimony regarding the results of the field sobriety test. It was only at the close of Jordan's testimony that defense counsel appears to have raised an issue regarding the test results.[3] Because defense counsel failed to make a contemporaneous objection to the evidence, it is questionable whether the issue was even properly preserved for the circuit court to consider. *See State v. Hoffman*, 312 S.C. 386, 440 S.E.2d 869 (1994) (a contemporaneous objection is required to properly preserve an issue for appellate review). However, assuming the issue was properly preserved, we find the circuit court judge erred in reversing Simmons's conviction based on the State's failure to show Simmons's waiver of her *Miranda* rights.

In *State v. Peele*, 298 S.C. 63, 378 S.E.2d 254 (1989), our Supreme Court addressed the issue of whether *Miranda* warnings are required for field sobriety tests conducted pursuant to a routine traffic stop. Noting that the question boiled down to whether the defendant was "in custody" at the time the sobriety tests were administered, the court held as follows:

> The facts in this case show that this traffic stop did not constitute detainment sufficient to rise to the level of "custo-

---

**3.** The record from the trial is very poor. It appears that defense counsel moved to have the charges dropped based on the admission of testimony on the field sobriety test results. He argued that "information is tainted" because Simmons was read her *Miranda* rights but the officers never obtained her waiver. The trial judge overruled the objection.

dial interrogation." The restrictions did not curtail [the defendant's] freedom of action to a degree associated with formal arrest. The results of field sobriety tests were properly admitted.

 The facts of this case are similar to those of *Peele.* The tests were administered pursuant to a routine traffic stop. The fact that the officers, out of an abundance of caution, read Simmons her rights is immaterial. The mere giving of *Miranda* warnings does not convert an otherwise noncustodial situation into a "custodial interrogation." *See State v. Doby,* 273 S.C. 704, 258 S.E.2d 896 (1979), citing *U.S. v. Akin,* 435 F.2d 1011 (5th Cir.1970) (to rule an agent's extra-cautious efforts to inform a person of his constitutional rights converts an otherwise noncustodial situation into "custodial interrogation" could defeat one of the objectives of *Miranda* of encouraging law enforcement to develop ways of protecting individual rights) and *U.S. v. Owens,* 431 F.2d 349 (5th Cir.1970) (where *Miranda* does not require an officer to give a suspect any warnings or advice at all, the gratuitous advising of rights in no way confers additional rights upon a suspect).

**REVERSED.**

CONNOR and ANDERSON, JJ., concur.