640 S.E.2d 871

**The STATE, Respondent,**

**v.**

**John NEW, Appellant.**

**No. 26252.**

Supreme Court of South Carolina.

Heard Nov. 15, 2006.

Decided Jan. 22, 2007.

524

Appellate Defender Eleanor Duffy Cleary, of South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General Harold M. Coombs, Jr., of Columbia; and Solicitor C. Kelly Jackson, of Sumter, for respondent.

Justice MOORE:

Appellant John New was convicted of two counts of hostage-taking and one count of unlawfully carrying a weapon while an inmate. He was sentenced consecutively to two life sentences without parole and ten years. We affirm.

## FACTS

The charges stemmed from a hostage situation at Lee Correctional Institute which occurred on September 8, 1999. Employees Janie Mathis and Jane Gardner were held in an administrative office after appellant and another inmate, Wesley Floyd, burst in on them. Appellant put a knife to Ms. Mathis's throat and threatened to harm her unless the building was cleared immediately. He demanded that pizza be delivered and said he wanted to speak with the warden. After several hours, negotiators were finally able to convince the inmates to release their hostages unharmed. Both victims testified that appellant was the decision-maker and in control of the situation, and that only appellant had a weapon.

Appellant testified to the contrary that Floyd was the leader and appellant had no choice but to do as Floyd directed. Floyd, a convicted murderer, had threatened appellant's life several times because appellant was indebted to Floyd for drugs. On the day in question, Floyd came to appellant's cell and told him what they were going to do. Appellant was afraid for his life because Floyd carried a razor blade in his mouth.[1] Based on the evidence, the trial judge gave a charge on duress.

## ISSUE

Did the trial judge err in charging that appellant had the burden of proving his defense of duress by a preponderance of the evidence?

## DISCUSSION

■ Over appellant's objection, the trial judge charged it was appellant's burden to prove his defense of duress by a preponderance of the evidence. Appellant contends that, based on our holding in State v. Addison, 343 S.C. 290, 540 S.E.2d 449 (2000), the State should have the burden of disproving duress. In Addison we held in the context of self-defense that the defendant is entitled to a charge, if request-

---

1. At his first trial on these charges, appellant blamed a different inmate and testified that Floyd was his friend. He claimed here that he lied because Floyd was present at the first trial.

ed, that the State bears the burden of disproving self-defense beyond a reasonable doubt.[2] Appellant argues the same rule should apply here.

State courts differ on the issue whether the State is required to disprove duress beyond a reasonable doubt;[3] however, the United States Supreme Court has recently held that due process does not require such a charge. *Dixon v. United States,* —— U.S. ——, 126 S.Ct. 2437, 165 L.Ed.2d 299 (2006). In *Dixon,* the Court reasoned that the prosecution need not bear the burden of disproving duress beyond a reasonable doubt because "the existence of duress normally does not controvert any of the elements of the offense itself." 126 S.Ct. at 2441. The Court noted that even though the defense of duress allows the defendant to avoid criminal liability, the crime was still *knowingly* committed. *Dixon* resolved a conflict among the federal courts reflecting the widespread disagreement, as noted by one court, on the "philosophical" question regarding whether duress negates the *mens rea* of the crime or whether it simply excuses the crime because it is motivated by self-preservation. *See United States v. Mitchell,* 725 F.2d 832 (2d Cir.1983).

We find the rationale of *Dixon* persuasive. Duress excuses the crime but does not negate any element of the offense. *See State v. Rocheville,* 310 S.C. 20, 425 S.E.2d 32 (1993) (duress does not negate element of malice in murder charge); *State v. Robinson,* 294 S.C. 120, 363 S.E.2d 104 (1987) (duress envisions a third person compelling another to commit a crime). Self-defense, on the other hand, goes to an element of the crime. *See State v. Taylor,* 356 S.C. 227, 589 S.E.2d 1 (2003) (the "no fault" element of self-defense opposes

---

**2.** The failure to give such a charge is not cured by a general charge that the State bears the burden of proving the defendant's guilt beyond a reasonable doubt. *State v. Burkhart,* 350 S.C. 252, 565 S.E.2d 298 (2002).

**3.** *Compare State v. Fuller,* 199 Conn. 273, 506 A.2d 556 (1986); *State v. B.H.,* 364 N.J.Super. 171, 834 A.2d 1063 (2003); *State v. Culp,* 900 S.W.2d 707 (Tenn.Cr.App.1994) (State has burden of disproving duress) *and State v. Jeffrey,* 203 Ariz. 111, 50 P.3d 861 (2003); *State v. Riker,* 123 Wash.2d 351, 869 P.2d 43 (1994); *Moes v. State,* 91 Wis.2d 756, 284 N.W.2d 66 (1979) (State does not have burden of disproving duress).

intent element of mutual combat); *State v. Merriman*, 34 S.C. 16, 12 S.E. 619, 622 (1891) (self-defense negates element of malice). Accordingly, the fact that the State has the burden of disproving self-defense beyond a reasonable doubt does not compel the conclusion that the same applies to the defense of duress.

 Generally, affirmative defenses must be established by a preponderance of the evidence. *State v. Attardo*, 263 S.C. 546, 211 S.E.2d 868 (1975). We hold the trial judge properly charged the jury that appellant had the burden to prove his defense of duress by a preponderance of the evidence.

**AFFIRMED.**

TOAL, C.J., WALLER, PLEICONES, JJ., and Acting Justice G. THOMAS COOPER, concur.