**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Michael Milledge, Appellant.

Appellate Case No. 2010-156666

_____

Appeal From Greenville County
Robin B. Stilwell, Circuit Court Judge

_____

Unpublished Opinion No. 2013-UP-273
Heard May 6, 2013 – Filed June 19, 2013

_____

**AFFIRMED**

_____

Appellate Defender LaNelle Cantey DuRant, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Mark Reynolds Farthing, both of
Columbia, for Respondent.

_____

**PER CURIAM:** Michael Milledge was convicted of possession of ecstasy, possession of cocaine with the intent to distribute, trafficking in crack cocaine, and possession of a weapon during the commission of a violent crime. On appeal, he

argues the trial court erred in (1) admitting evidence of contraband found pursuant to an illegal search and (2) refusing to direct a verdict in his favor on the charges of trafficking in crack cocaine and possession of a weapon during the commission of a violent crime.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to the legality of the search: *State v. Simpson*, 325 S.C. 37, 42, 479 S.E.2d 57, 60 (1996) ("A ruling in limine is not a final ruling on the admissibility of evidence.  Unless an objection is made at the time the evidence is offered and a final ruling made, the issue is not preserved for review." (citations omitted)); *Burke v. AnMed Health*, 393 S.C. 48, 55, 710 S.E.2d 84, 88 (Ct. App. 2011) ("When a party states to the trial court that it has no objection to the introduction of evidence, even though the party previously made a motion to exclude the evidence, the issue raised in the previous motion is not preserved for appellate review.").

2.      As to the refusal to direct a verdict: *State v. McHoney*, 344 S.C. 85, 97, 544 S.E.2d 30, 36 (2001) ("A defendant is entitled to a directed verdict when the State fails to produce evidence of the offense charged.  In reviewing a motion for directed verdict, the trial judge is concerned with the existence of the evidence, not with its weight." (citations omitted)); *State v. Weston*, 367 S.C. 279, 292-93, 625 S.E.2d 641, 648 (2006) (ruling an appellate court considering the denial of a motion for a directed verdict views the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the State but requiring it to affirm if it finds find "any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused"); S.C. Code Ann. § 44-53-375(C) (Supp. 2012) ("A person . . . who is knowingly in actual or constructive possession . . . of ten grams or more of . . . cocaine base, as defined and otherwise limited in Section 44-53-110 . . . is guilty of a felony which is known as 'trafficking in . . . cocaine base.'"); S.C. Code Ann. § 44-53-110 (Supp. 2012) (defining "cocaine base" as "an alkaloidal cocaine or freebase form of cocaine, which is the end product of a chemical alteration whereby the cocaine in salt form is converted to a form suitable for smoking," and which "is commonly referred to as 'rock' or 'crack cocaine'"); *State v. Hernandez*, 382 S.C. 620, 624, 677 S.E.2d 603, 605 (2009) (explaining the element of knowledge in a drug case "is seldom established through direct evidence, but may be proven circumstantially . . . by the evidence of acts, declarations, or conduct of the accused from which the inference may be drawn that the accused knew of the existence of the prohibited substances." (citations omitted)); *State v. Attardo*, 263 S.C. 546, 550, 211 S.E.2d 868, 869 (1975) ("Possession [of a controlled substance] . . . gives rise to an inference of the

possessor's knowledge of the character of the substance."); S.C. Code Ann. § 16-23-490(A) (2003) ("If a person is in possession of a firearm . . . during the commission of a violent crime and is convicted of committing . . . a violent crime as defined in Section 16-1-60, he must be imprisoned five years, in addition to the punishment provided for the principal crime."); S.C. Code Ann. § 16-1-60 (Supp. 2012) (classifying trafficking in cocaine base as a violent crime).

**AFFIRMED.**

**SHORT and THOMAS, JJ., and CURETON, A.J.**