**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Raphael Pontoo, Appellant.

Appellate Case No. 2015-000323

———————

Appeal From Lexington County
Thomas A. Russo, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-467
Heard November 14, 2017 – Filed December 28, 2017

———————

**AFFIRMED**

———————

Donald L. McCune, Jr., of Savage Law Firm, of Charleston; and Chief Appellate Defender Robert M. Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark R. Farthing, both of Columbia; and Solicitor Samuel R. Hubbard, III, of Lexington, for Respondent.

———————

**PER CURIAM:** Appellant Raphael Pontoo appeals his convictions of armed robbery and failure to stop for a blue light resulting in death, for which he received

a cumulative sentence of thirty years' imprisonment. Pontoo argues the circuit court erred by (1) giving jury instructions that shifted the burden of proof, (2) allowing the State to impeach him with his silence, and (3) permitting an in-court identification process that did not comport with due process. We affirm.

1. The circuit court correctly instructed the jury on the affirmative defense of duress, and the instructions were consistent with the relevant and applicable South Carolina law. *See State v. New*, 371 S.C. 523, 527, 640 S.E.2d 871, 873 (2007) ("Generally, affirmative defenses must be established by a preponderance of the evidence."); *id.* (finding the burden is on the defendant "to prove his defense of duress by a preponderance of the evidence"); *State v. Attardo*, 263 S.C. 546, 551, 211 S.E.2d 868, 870 (1975) (recognizing the burden of proof is on the party asserting an affirmative defense); *see also Sheppard v. State*, 357 S.C. 646, 665, 594 S.E.2d 462, 472–73 (2004) (recognizing a jury charge is correct if it correctly defines the applicable law when read as a whole).

Additionally, Pontoo's argument that the circuit court failed to charge the current and correct law for the offense of Failure to Stop for a Blue Light—specifically, that an element, "in the absence of mitigating circumstances," was omitted from the jury instruction—is not preserved because Pontoo did not raise the argument to the circuit court. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693–94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [circuit court]. Issues not raised and ruled upon in the [circuit] court will not be considered on appeal.").

2. The circuit court properly permitted the State to impeach Pontoo with his inconsistent statement and pre-arrest silence because Pontoo was not in custody when he was interviewed at the hospital. *See State v. McIntosh*, 358 S.C. 432, 443, 595 S.E.2d 484, 490 (2004) ("The State may point out a defendant's silence prior to arrest, or his silence after arrest but prior to the giving of *Miranda*[1] warnings, in order to impeach the defendant's testimony at trial.").

The evidence supports the circuit court's finding that Pontoo was not in custody when he was questioned at the hospital because the questioning was purely investigative, thus not warranting *Miranda* warnings. *See State v. Doby*, 273 S.C. 704, 707, 258 S.E.2d 896, 899 (1979) ("*Miranda* applies 'only where there has been such a restriction on a person's freedom as to render him "in custody"'" (quoting *State v. Neely*, 271 S.C. 33, 41–42, 244 S.E.2d 522, 527 (1978))); *State v. Morgan*,

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

282 S.C. 409, 411, 319 S.E.2d 335, 336 (1984) ("*Miranda* warnings are not required if the defendant is not in custody or significantly deprived of his freedom."); *id.* at 411–12, 319 S.E.2d at 336–37 (holding *Miranda* warnings are not required when statements are made in response to routine investigation); *State v. Lynch*, 375 S.C. 628, 633, 654 S.E.2d 292, 295 (Ct. App. 2007) ("*Miranda* rights attach only if the suspect is subject to custodial interrogation." (footnote omitted)); *State v. Simmons*, 329 S.C. 154, 157, 494 S.E.2d 460, 462 (Ct. App. 1997) ("The mere giving of *Miranda* warnings does not convert an otherwise non-custodial situation into a 'custodial interrogation.'"); *see also United States v. Jamison*, 509 F.3d 623, 633 (4th Cir. 2007) (holding a defendant was not in custody, such that the privilege against self-incrimination would attach, when police questioned him in the hospital emergency room).

Additionally, Pontoo's argument that his cross-examination and impeachment by the State constituted a *Doyle*[2] violation is not preserved because Pontoo did not raise the argument to the circuit court. *See State v. Morris*, 307 S.C. 480, 485, 415 S.E.2d 819, 823 (Ct. App. 1991) ("Whe[n] an objection and the ground therefor is not stated in the record, there is no basis for appellate review.").

Even if the argument was preserved, the argument is meritless because *Doyle* is not applicable to the facts of this case. *Doyle* prohibits a prosecutor from impeaching and cross-examining a defendant about his failure to tell his exculpatory story to police *after receiving Miranda warnings at the time of his arrest*. *See Doyle*, 426 U.S. at 619 ("We hold that the use for impeachment purposes of petitioners' silence, at the time of arrest and after receiving *Miranda* warnings, violated the Due Process Clause of the Fourteenth Amendment."). Our supreme court has held the State commenting on a defendant's *post-arrest* silence is a violation of due process. *See McIntosh*, 358 S.C. at 444, 595 S.E.2d at 490. However, Pontoo was not arrested or in custody; instead, he was given *Miranda* warnings out of an abundance of caution, and his pre-arrest, but post-*Miranda* silence was used against him. We find *Doyle* does not apply in light of the South Carolina cases that have found *Miranda* and its protections inapplicable when a defendant is given *Miranda* warnings but not subjected to custodial interrogation. *See, e.g.*, *Simmons*, 329 S.C. at 157, 494 S.E.2d at 462 (finding field sobriety tests admissible even though the State failed to show the defendant, who had been given *Miranda* warnings, waived *Miranda* rights because the tests were administered pursuant to a routine traffic stop, which did not constitute detainment sufficient to rise to the level of custodial interrogation, and therefore, the defendant was not entitled to *Miranda* warnings at all); *Doby*, 273 S.C.

---

[2] *Doyle v. Ohio*, 426 U.S. 610 (1976).

at 707–08, 258 S.E.2d at 898–99 (1979) (finding the principles of *Miranda* were inapplicable at the time the defendant waived his rights because he was not placed under arrest prior to or while giving his confession).

3.     Pontoo's argument the circuit court erred in allowing the in-court identification of him—specifically, arguing the *Neil v. Biggers*[3] hearing was unduly suggestive—is not preserved because Pontoo did not raise this specific argument to the trial court.  *See State v. Patterson*, 324 S.C. 5, 19, 482 S.E.2d 760, 767 (1997) ("Appellant is limited to the grounds raised at trial."); *State v. Thomason*, 355 S.C. 278, 288, 584 S.E.2d 143, 148 (Ct. App. 2003) ("[A] party cannot argue one theory at trial and a different theory on appeal.").

Although not preserved, the circuit court did not abuse its discretion in permitting the in-court identification of Pontoo at the *Neil v. Biggers* hearing. Pontoo's argument the hearing was unduly suggestive because the first time he was positively identified was when he was sitting at the defense table is without merit. *See State v. Lewis*, 363 S.C. 37, 42, 609 S.E.2d 515, 518 (2005) ("The United States Supreme Court has not extended its exclusionary rule to in-court identification procedures that are suggestive because of the trial setting."); *id*. at 43, 609 S.E.2d at 518 ("[W]e conclude *Neil v. Biggers* does not apply to a first-time in-court identification because the judge is present and can adequately address relevant problems; the jury is physically present to witness the identification, rather than merely hearing testimony about it; and cross-examination offers defendants an adequate safeguard or remedy against suggestive examinations.").

**AFFIRMED.**

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[3] *Neil v. Biggers*, 409 U.S. 188 (1972).