**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James Allen Johnson, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2018-000600

———————————

Appeal From Greenville County
Robin B. Stilwell, Circuit Court Judge

———————————

Unpublished Opinion No. 2022-UP-075
Heard January 25, 2022 – Filed February 16, 2022

———————————

**AFFIRMED**

———————————

Appellate Defender Lara Mary Caudy, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Taylor Zane Smith, of Columbia, for Respondent.

———————————

**PER CURIAM:** James Johnson argues the post-conviction relief (PCR) court erred in finding his trial counsel was not ineffective when she did not object to the admission of Johnson's statement to law enforcement because Johnson asserts his

statement was the result of a two-phase interrogation in violation of *Missouri v. Seibert*, 542 U.S. 600 (2004), and *Miranda v. Arizona*, 384 U.S. 436 (1966). Johnson also argues he was prejudiced because the outcome of his trial would have been different if his counsel had objected. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Chappell v. State*, 429 S.C. 68, 74, 837 S.E.2d 496, 499 (Ct. App. 2019) ("When reviewing a claim for ineffective assistance of counsel, the 'court proceeds from the rebuttable presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" (quoting *Smith v. State*, 386 S.C. 562, 567, 689 S.E.2d 629, 632 (2010) (internal quotations omitted))); *Speaks v. State*, 377 S.C. 396, 399, 660 S.E.2d 512, 514 (2008) ("In [PCR] proceedings, the burden of proof is on the applicant to prove the allegations in his application."); *Thompson v. State*, 423 S.C. 235, 239, 814 S.E.2d 487, 489 (2018) ("To establish ineffective assistance of counsel, the PCR applicant must prove (1) counsel's performance fell below an objective standard of reasonableness, and (2) the applicant sustained prejudice as a result of counsel's deficient performance."); *Stokes v. State*, 308 S.C. 546, 548, 419 S.E.2d 778, 779 (1992) (stating if "counsel articulates a valid reason for employing certain strategy, such conduct will not be deemed ineffective assistance of counsel"); *State v. Williams*, 405 S.C. 263, 273, 747 S.E.2d 194, 199 (Ct. App. 2013) ("To determine whether a suspect was in custody for the purposes of *Miranda*, the Supreme Court has asked whether there is a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest."); *State v. Kennedy*, 325 S.C. 295, 303, 479 S.E.2d 838, 842 (Ct. App. 1996) ("The special procedural safeguards outlined in *Miranda* are not required if a suspect is simply taken into custody, but only if a suspect in custody is subjected to interrogation. Interrogation is either express questioning or its functional equivalent. It includes words or actions on the part of police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response."); *Williams*, 405 S.C. at 275, 747 S.E.2d at 200 ("Simply because an interview takes place at a law enforcement center and at the initiation of police investigators does not render it a 'custodial interrogation.'" (quoting *State v. Doby*, 273 S.C. 704, 708, 258 S.E.2d 896, 899 (1979))); *California v. Beheler*, 463 U.S. 1121, 1125 (1983) ("*Miranda* warnings are not required 'simply because the questioning takes place in the station house, or because the questioned person is one whom the police suspect.'" (quoting *Oregon v. Mathiason*, 429 U.S. 492, 495 (1977))); *Hagood v. Sommerville*, 362 S.C. 191, 199, 607 S.E.2d 707, 711 (2005) (finding it unnecessary to address remaining issues when the resolution of a prior issue is dispositive).

**AFFIRMED.**

**THOMAS and GEATHERS, JJ. and HUFF, A.J., concur.**