20819

The STATE, Respondent, v. Harry Dean EDENS, Appellant.

(250 S. E. (2d) 116)

*Thomas H. Pope* and *Thomas H. Pope, III,* of *Pope & Schumpert,* Newberry, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Joseph R. Barker,* Columbia, *for respondent.*

November 27, 1978.

LEWIS, Chief Justice:

Appellant was charged in four indictments with the offense of forgery. He was convicted on two of the charges and appeals. His present counsel did not represent him in the trial of the case. Error is assigned in (1) permitting an expert witness for the State to allegedly testify beyond his area of expertise, and (2) refusing appellant's motion for a new trial on the ground of after-discovered evidence.

During the trial in the lower court, the State presented two witnesses. The first was Mr. Argoe, an assistant attorney general working with the South Carolina Tax Commission, who gave the basis of the present prosecution.

The testimony showed that appellant was a co-executor of the estate of his father who died in 1969. No estate tax return was filed on the estate of his father, and a civil action was brought against appellant and his brother, as co-executors, to secure payment of an estate tax. Mr. Argo testified that, in the civil action, he prepared a list of Series "E." and "H" Government bonds which he had determined were purchased by appellant's father and which he believed should have been included in the taxable estate. Mr. Argoe further testified that he mailed two copies of these bond listings to appellant by certified mail, return receipt requested.

In the civil action, appellant offered in evidence four affidavits purportedly signed by his father prior to his death which indicated that all of the Series "E" and "H" Bonds, owned by his father, were purchased in trust for his sons. The trial judge ruled, however, that the bonds should be included in the taxable estate and estate taxes were accordingly paid. In addition, the trial judge ordered that the affidavits, submitted by appellant and purportedly signed by his father, be analyzed by the South Carolina Law Enforcement Division.

The basis of the present prosecution is the charge by the State that the affidavits submitted by appellant in the civil action were forged by him.

The second witness offered by the State in this trial was Mr. DeFreeze, an employee of the South Carolina Law Enforcement Division, who, over objection, was qualified as an expert in the field of tool marks and typewriter identification. He admitted that he was not an expert in the field of handwriting or of questioned documents. While objection was interposed to the qualification of the witness as an expert, whether he was qualified as an expert in tool marks and typewriter identification is not an issue in this appeal.

In the course of his expert testimony, the witness DeFreeze was asked to compare the type used in the Tax Commission schedules with that used in the affidavits in question.

The witness, however, could not conclusively state that the affidavits and the schedules were prepared with the same typewriter because the affidavits in question were xeroxed copies. He explained in detail why it was impossible for him to positively state that the same typewriter was used in preparing all of the documents. However, he was permitted, over objection, to testify that, based upon a misalignment of columns on the affidavit and certain relationships between the affidavits and the Tax Commission schedules, the affidavits in question contained "cut and paste copies" of the Tax Commission schedules. Obviously, if the conclusion of the witness was correct the affidavits were forgeries.

The objection of appellant to the latter conclusion of the witness was based upon the contention that the witness was testifying beyond his area of expertise in tool marks and typewriter identification. The trial judge overruled the objection, stating that he would leave the matter to the jury and counsel's cross-examination. We find no error.

The witness testified at length and in detail as to the basis of his conclusion that the affidavits in question were "cut and paste copies." His conclusion was based upon his comparison of the type used in each document and the location of the different type in various parts of the affidavits. He pointed out that the actual list of bonds in each affidavit and the Tax Commission schedule were definitely typed with an IBM Executive Typewriter, but that other parts of the affidavits in question were typed with a typewriter using different type from that of the IBM Executive.

We think that the testimony of the witness was based upon his expertise in typewriter identification. It was his examination and comparison of the different type used in preparing the affidavits in question, which formed the basis of his opinion that the affidavits were Xeroxed copies of instruments prepared by typing portions with one typewriter and pasting thereto the bond lists cut from the Tax Com-

mission schedule previously prepared with a different typewriter.

The testimony showed that the affidavits in question were purportedly signed by appellant's father in January 1967, or prior to that date, yet the bond list appearing in the questioned affidavit (corresponding in every detail with the 1974 list in the Tax Commission schedule) showed a bond purchased by the deceased in April 1967, after the date he purportedly listed the bonds placed in trust for his children. This was one of the significant facts lending some credence to the testimony of the witness that the bond list set forth in the affidavits was a xeroxed copy of the list used in the Tax Commission schedule.

The witness was fully cross-examined by counsel for appellant concerning his conclusions; and the trial judge instructed the jury that the opinion of an expert was to be weighed in the light of his background and the reasons given to support his opinion.

The admission or rejection of evidence is largely within the discretion of the trial judge. Under all of the circumstances, we find no abuse of discretion in the admission of the testimony of the witness De-Freeze. *State v. Pierce,* 263 S. C. 23, 207 S. E. (2d) 414.

The lower court properly denied the motion for a new trial made on the ground of after-discovered evidence. This ruling was based upon a finding that appellant had failed to show the exercise of due diligence to discover the proffered testimony before trial.

About eight months after appellant's conviction, he procured the services of an expert documents examiner who examined the affidavits in question and reached a result which was contrary to the conclusion reached by the witness De-Freeze. The lower court properly held that due diligence had not been exercised to discover the testimony of the expert before trial.

Appellant knew, since his indictment in June 1975, that he was charged with forgery; and knew since the civil trial in 1974 that the court had ordered the affidavits in question examined for authenticity. It should have been obvious to appellant that the validity of the affidavits was an issue in this trial and that, in the exercise of due diligence, he should have available expert testimony to meet the charges. No allegation is made that such experts were not available. His failure to seek available expert testimony before trial establishes a lack of due diligence and forecloses his present claim of after-discovered evidence. *State v. Clamp,* 225 S. C. 89, 80 S. E. (2d) 918.

Judgment is accordingly affirmed.

LITTLEJOHN, RHODES, and GREGORY, JJ., and LOUIS ROSEN, *Acting Associate* Justice, concur.