### 21122

The STATE, Respondent, v. Lee K. GROOME, Appellant.

(262 S. E. (2d) 31)

*William H. Ehlies* and *Will T. Dunn, Jr., Rex L. Carter,* and *Pyle & Leaphart,* Greenville, *for appellant.*

*Atty. Gen. Daniel R. McLeod,* and *Asst. Attys. Gen. Brian P. Gibbes* and *Russell D. Ghent,* Columbia, and *Sol. William W. Wilkins, Jr.,* Greenville, *for respondent.*

January 16, 1980.

GREGORY, Justice:

Appellant Lee K. Groome was found guilty of conspiracy to distribute marijuana and possession with intent to distribute, and appeals. We affirm.

The questions on this appeal challenge in certain particulars the manner in which the trial judge conducted the proceedings below. The conduct of a crim-

inal trial and the reception or exclusion of evidence are matters left largely to the sound discretion of the lower court. *State v. Lee,* 255 S. C. 309, 178 S. E. (2d) 652 (1971); *State v. Greene,* 255 S. C. 548, 180 S. E. (2d) 179 (1971); *State v. Edens,* 272 S. C. 130, 250 S. E. (2d) 116 (1978). The decisions of the trial judge will not be disturbed absent an abuse thereof. *Lee,* supra; *State v. Quillien,* 263 S. C. 87, 207 S. E. (2d) 814 (1974).

■ The first exception assigns error to the trial judge's permitting the State to recall a chief prosecution witness at the close of appellant's case. Appellant argues the testimony was not in response to his case and therefore improper reply. We disagree.

The witness, an indicted co-defendant who pled guilty prior to trial, supplied the prosecution testimony most damaging to appellant. In defense, appellant testified that he had not seen the witness for "a good substantial period of time, maybe two months, maybe three months," prior to his arrest, as an obvious attempt to disclaim any contact with his co-conspirator.

The State recalled the witness who then testified he had talked with appellant by telephone on three separate occasions within a week of appellant's arrest, and introduced a telephone bill listing the long distance calls to corroborate his testimony.

This evidence is unlike the objectionable reply testimony in the case of *State v. Robinson,* 223 S. C. 314, 75 S. E. (2d) 465 (1953), where none of the witnesses called in reply by the State denied or contradicted the defendant's prior testimony, and the only person who could have denied the testimony was not called.

In our view, the co-defendant's testimony was arguably contradictory of and in reply to appellant's earlier testimony. We fail to see how admission of this evidence constituted an abuse of discretion. *State v. Crowe,* 258 S. C. 188 S. E. (2d) 379 (1972), cert. denied 409 U. S. 1077, 93 S. Ct.

691, 34 L. Ed. (2d) 666; *State v. McDowell,* 272 S. C. 203, 249 S. E. (2d) 916 (1978).

Appellant next argues the trial judge erred in refusing to grant a mistrial based upon questions asked by the Solicitor while cross-examining appellant. He asserts these questions amount to prejudicial comment on appellant's post-arrest silence, citing *Doyle v. Ohio,* 426 U. S. 610, 96 S. Ct. 2240, 49 L. Ed. (2d) 91 (1976).

However, in *Doyle,* the appellant's argument for a new trial was preserved by timely contemporaneous objections to the questions of the prosecutor. The record in the instant case shows there was no objection to any of the questions posed by the Solicitor, only a motion for a mistrial after the State completed its examinaton of the witness. Failure to contemporaneously object to the questions now advanced as prejudicial cannot be later bootstrapped by a motion for a mistrial. *State v. Atchison,* 268 S. C. 588, 235 S. E. (2d) 294 (1977), cert. denied 434 U. S. 894, 98 S. Ct. 273, 54 L. Ed. (2d) 181. Any objection as to these questions was waived. Id.

The final exception charges reversible error to the ruling of the trial judge in striking testimony of appellant's good reputation in the community proffered by a defense character witness. Appellant asserts the trial judge improperly restricted the concept of "community" so as to preclude testimony by a witness who knew appellant's reputation among mutual business associates.

We have recognized that an individual's "community" for purposes of his general reputation may be composed of persons who have formed an opinion of the individual's character through social or business contact. See *In re Greenfield's Estate,* 245 S. C. 595, 141 S. E. (2d) 916 (1965). But whether the character witness has formed an opinion based on either social or business acquaintances, he is not qualified to testify if he bases his opinion upon what only one person has said to him about the defendant, since

such testimony would not reflect the general reputation the defendant enjoys in the community. 29 Am. Jur. (2d), *Evidence,* § 344.

Here, the character witness stated that he had heard only one person comment on appellant's reputation for truth and honesty as a basis for forming his opinion. He further testified he did not live in the same community with appellant. The lower court ruled the witness's opinion was too isolated to express a general reputation within appellant's community. This was not an abuse of discretion.

For the foregoing reasons, the conviction of appellant is affirmed.

Affirmed.

LEWIS, C. J., LITTLEJOHN and NESS, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.