22010

The STATE, Respondent, v. Gary Allen SWORDS, Appellant.

(309 S. E. (2d) 750)

*W. Harold Christian, Jr.*, Greenville, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *Martha L. McElveen,* Columbia, and *Sol. William B. Traxler Jr.,* Greenville, *for respondent.*

Nov. 29, 1983.

LITTLEJOHN, Justice:

Appellant, Gary Allen Swords, was convicted of committing an assault and battery of a high and aggravated nature (ABHAN) upon his nine-year-old stepdaughter. We reverse and remand for a new trial.

The alleged basis of the State's charge that Appellant is guilty of ABHAN is that he sexually molested his nine-year-old stepdaughter and electrically shocked her with an army field telephone.

Appellant asserts that the trial judge erred in permitting in evidence: (1) the testimony of State's expert witness, Bonnie Marsden, who testified to the effect that the household wherein the prosecuting witness lived had some of the characteristics of homes where children are sexually abused; (2) evidence that Appellant once burned some clothes and a doll belonging to the prosecuting witness; and (3) testimony that the Appellant's stepson had been abused by his mother on a previous occasion. We agree that all of this testimony was either irrelevant or incompetent to establish any of the elements necessary to a conviction of the Appellant. The evidence was prejudicial and at least some of it tended to improperly place the character of the Appellant in issue when

his character had not first been made an issue by the Appellant himself. See, *State v. Gamble*, 247 S. C. 214, 146 S. E. (2d) 709, appeal after remand, 249 S. C. 605, 155 S. E. (2d) 916, cert. den., 390 U. S. 927, 88 S. Ct. 862, 19 L. Ed. (2d) 988 (1968).

The contention of the Appellant that evidence of the fact that the prosecuting witness had gained approximately thirty pounds since the alleged assault was inadmissible is without merit. It was proper to indicate the difference in the size of the witness at the time of the trial as compared with her size at the time of the alleged assault.

Appellant next argues that the trial court erred in admitting testimony that the prosecuting witness had been consistent in her statements before and during the trial. This exception is without merit. In many cases, the objection might be well taken but we have held that the fact that one who has been sexually assaulted reported the matter is relevant. Accordingly, in a sexual assault case, the fact that the victim reported the matter consistently is not inappropriate. Certainly, the matter is at least in the discretion of the trial judge.

Appellant also contends that the trial court erred in allowing a polygraph examiner to testify concerning statements made to him by the Appellant. The statements were made at the conclusion of a polygraph examination requested by the Appellant. His attorney was not present. The testimony of the Appellant is not made a part of the record, but it is inferable from statement of counsel that he testified and denied that his penis had touched the prosecuting witness. The testimony permitted in reply was for the purpose of impeachment only. This was proper. It did not amount to a confession and was not the equivalent of a police interrogation. Accordingly, the protection afforded by *Miranda v. Arizona*, 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. (2d) 694 (1966) does not apply. The fact that the conversation objected to took place after a polygraph test was administered was not made known to the jury and the judge meticulously kept the fact that a polygraph test had been given from the jury. We have examined the testimony which was permitted in reply and find no error.

Accordingly, Appellant's conviction is reversed and remanded for a new trial.

Reversed and remanded.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.