22612

The STATE, Respondent v. John Vance McCONNELL, Jr., Appellant.

(350 S. E. (2d) 179)

Supreme Court

*John R. Clarke,* North Myrtle Beach, *Edward E. Saleeby* of *Saleeby, Cox & Bledsoe, P.A.,* Hartsville and *Kenneth A. Richstad* of *Childress & Richstad,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *Amie L. Clifford,* Columbia and *Sol. James O. Dunn,* Conway, *for respondent.*

Heard March 10, 1986.

Decided Sept. 22, 1986.

FINNEY, Justice:

Appellant John Vance McConnell, Jr., was convicted of murder and sentenced to life imprisonment. We reverse and remand for a new trial.

On the night of December 14, 1983, the deceased and the appellant attended a Christmas party at a nightclub. The record is devoid of evidence of any animosity or bad blood between the two. In fact, it reveals they had been celebrating, imbibing, and singing together on the evening of the incident.

The party ended around 2:00 a.m. on the morning of the 15th, and the appellant invited the deceased and deceased's girlfriend to his apartment. The appellant and appellant's girlfriend arrived at his apartment first and had a verbal altercation with perhaps some pushing and shoving. There was testimony from neighbors who heard the sound of either firecrackers or gunshots in the vicinity during this interval. When the deceased and his girlfriend arrived, he was fatally shot one time with a .357 caliber bullet while still outside the apartment. The appellant's defense was based primarily on the claim that the shooting was accidental.

The appellant alleges numerous trial errors. However, in view of our disposition of this matter, we address only the exceptions alleging error in the admission of certain demonstrative evidence: (a) two .22 caliber bullets, (b) a .22 caliber pistol, (c) two .25 caliber bullets, and (d) a photograph showing a hole in the window near the front door.

On the day of the shooting, the investigating officer received from the appellant a .357 Magnum pistol, which was the gun that fired the fatal shot. In addition, the officer took measurements and conducted such other investigation as he deemed necessary.

Approximately a month and a half after the incident, police recovered a .22 caliber slug lodged in a wall behind a

closet. No testimony established when the closet was built. The other .22 caliber bullet was removed from the ceiling. The uncontradicted testimony showed that the .22 caliber pistol introduced into evidence was not in appellant's possession at the time of the shooting incident. The two .25 caliber bullets were found in an air conditioning unit outside a downstairs apartment. No evidence was introduced showing the appellant ever owned or used a .25 caliber weapon, and no such weapon was found. Finally, the hole depicted in the photograph and located in the window near the front door was not discovered until February. The investigating officer testified that he did not know whether the hole was in the window at the time he investigated the shooting.

The admission or exclusion of evidence is largely within the sound discretion of the trial court. *State v. Groome*, 274 S. C. 189, 262 S. E. (2d) 31 (1980). Based upon the record in this case, we conclude that these items should not have been admitted because they were not properly connected with the incident, irrelevant, incompetent, and raised spurious inferences of prior bad acts. See *State v. Swords*, 279 S. C. 554, 309 S. E. (2d) 750 (1983). There was insufficient connection between the evidence and the crime with which appellant was charged, and the cumulative prejudicial effect of the enumerated evidence far outweighed its probative value.

We reverse and remand for a new trial.

Reversed.

NESS, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.