## 23349

The STATE, Respondent v. Rodney Lasalle McLEOD, Appellant.

(401 S.E. (2d) 175)

Supreme Court

*Assistant Appellate Defender Daniel T. Stacey*, of *South Carolina Office of Appellate Defense*, Columbia, *for appellant.*

*Attorney Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.*, and *William Edgar Salter, III*, Columbia, and *Sol. Randolph Murdaugh, III*, Hampton, *for respondent.*

Heard Dec. 10, 1990.

Decided Feb. 11, 1991.

*Per Curiam:*

Rodney Lasalle McLeod (McLeod) was convicted of murder and kidnapping.

We reverse and remand for a new trial.

The victim in this case was McLeod's estranged girlfriend, Deborah Jenkins (Victim). She was last seen alive on February 22, 1988, in Colleton County. At approximately 12:00 p.m. on the day in question, McLeod was seen in the Neyles Crossroads section of Colleton County, forcing Victim into the gray Pontiac he was driving.

When friends and relatives went to Victim's residence later that day, the stove and television were running, the curtain to the front door was laying on the sofa, and the "staple" used to latch the screen door had been pulled out of the door.

Victim's clothing, and decomposed body, were subsequently found in Beaufort County. The gray Pontiac, McLeod's grandmother's, was found at her residence in Beaufort County, and

contained a human blood stain, and evidence of both Victim's and McLeod's palm prints.

McLeod was indicted for murder and kidnapping in Colleton County. He was convicted on both counts.

Did the Court err:

1. In finding venue proper in Colleton County?
2. In admitting an affidavit and arrest warrant Victim had previously taken out against McLeod?
3. In finding McLeod's statement to be voluntary?
4. In admitting McLeod's redacted statement into evidence?

McLeod contends that there is no evidence that the murder was committed in Colleton County, thereby depriving the trial court of jurisdiction. We disagree.

The right of a party to be tried in the county where the crime was committed is jurisdictional. *State v. Wiggins,* 257 S.C. 167, 184 S.E. (2d) 697 (1971); *State v. Wharton,* 263 S.C. 437, 211 S.E. (2d) 237 (1975). However, venue in a criminal case need not be affirmatively proved if there is sufficient evidence from which it can be inferred. *State v. Owens,* 293 S.C. 161, 359 S.E. (2d) 275 (1987). Where some acts material to the offense, and requisite to its consummation, occur in one county, and some in another, venue is proper in either county. *State v. Gasque,* 241 S.C. 316, 128 S.E. (2d) 154 (1962).

In *Owens, supra,* the victim's body was never found. However, he was last seen alive at his home in Horry County, there were signs of a struggle, and ransom money was delivered there.

Here, we find sufficient evidence from which it may be inferred that the crime was committed in Colleton County. Victim was last seen alive there, witnesses saw her there being forced into the gray Pontiac by McLeod, and there were signs of a struggle at her residence. Under these facts, we find venue was proper in either Colleton or Beaufort County.

During cross-examination of McLeod, the Solicitor offered into evidence an affidavit and arrest warrant sworn out by Victim some six months prior to her death. The affidavit alleged that, on September 30, 1987, McLeod had beaten Victim "about the face, arm, stomach and ribs ... causing ... [her] ...

to be taken . . . to Beaufort Memorial Hospital." McLeod raised no objection to the introduction of this exhibit.

Subsequently, over McLeod's objection, a second affidavit was admitted alleging that, on January 31, 1988, McLeod had beaten Victim in the face, shaved her head, and held her head in a tub of water.

McLeod contends this evidence was so inflammatory as to require reversal. We disagree.

Admission of an affidavit in criminal cases is reversible error only upon a showing of prejudice to the defendant. *State v. Howard*, 295 S.C. 462, 369 S.E. (2d) 132 (1988). The information in the second affidavit was merely cumulative to the first affidavit, and was supported by trial testimony. Accordingly, we find no prejudice to McLeod.

McLeod contends the lower court erred in admitting his statement as it was rendered involuntary by his confinement in a small holding cell. We disagree.

The trial judge's determination of the voluntariness of a statement will not be disturbed unless so manifestly erroneous as to show an abuse of discretion amounting to an error of law. *State v. Rochester*, ___ S.C. ___, 391 S.E. (2d) 244 (1990). The determination of voluntariness requires an examination of the totality of the circumstances surrounding the making of the statement. *State v. Doby*, 273 S.C. 704, 258 S.E. (2d) 896 (1979).

At the *Jackson v. Denno*[1] hearing, McLeod admitted he had been advised of his rights, that he knew his rights from three prior arrests, and that the statement was free and voluntary. The officer taking the statement testified that the statement was voluntary and was not induced by any promises or threats.

We do not find that McLeod's confinement in a small holding cell overnight rendered his statement involuntary. Under the totality of the circumstances, we find no abuse of discretion in the trial court's ruling.

## REDACTED STATEMENT

Over McLeod's objection, his redacted statement was admitted into evidence. McLeod contends the statement con-

---

[1] 378 U.S. 368, 84 S. Ct. 1774, 12 L. Ed. (2d) 908 (1964).

tained impermissible hearsay and irrelevant matters, requiring a new trial. We agree.

The statement, as redacted, contains a statement by the questioning officer that McLeod's grandfather "feels that, whatever happened on Monday [the day Victim disappeared] was his fault. Because if he had left you stay where you was, then everything would be all right." Clearly, this statement implies that the grandfather, who did not testify, thought McLeod had committed the crime. Additionally, the statement contained discussions of McLeod's violation of probation, and assertions that he was lying.

The admission of evidence is within the sound discretion of the trial court. *State v. Groome,* 274 S.C. 189, 262 S.E. (2d) 31 (1980). Where hearsay evidence is improperly admitted to the prejudice of the complaining party, the error is reversible. *State v. Robinson,* 238 S.C. 140, 119 S.E. (2d) 671 (1961).

The statement here contained improper hearsay and matters which were totally irrelevant to McLeod's guilt of the crimes for which he was charged. *See, State v. McConnell,* 290 S.C. 278, 350 S.E. (2d) 179 (1986). We find the cumulative effect of the statement prejudicial to McLeod. Accordingly, we reverse and remand for a new trial.

In light of our holding, we need not address McLeod's remaining exception.

Reversed and remanded.

