579 S.E.2d 331

**The STATE, Respondent,**

v.

**Jimmy DODD, Appellant.**

**No. 3622.**

Court of Appeals of South Carolina.

Heard Feb. 25, 2003.

Decided April 7, 2003.

---

14

Chief Attorney Daniel T. Stacey, of the SC Office of Appellate Defense, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, Assistant Attorney General W. Rutledge Martin, of Columbia; and Solicitor Harold W. Gowdy, III, of Spartanburg, for Respondent.

HEARN, C.J.

Jimmy Dodd was indicted for the armed robbery of a convenience store. The trial judge denied his motion for directed verdict, and the jury found Dodd guilty of armed robbery. He was sentenced to life without parole. Dodd appeals, arguing the state failed to prove the *corpus delicti*[1] of armed robbery *aliunde*[2] his confession. We affirm.

## FACTS/PROCEDURAL HISTORY

At trial, the State produced evidence that Dodd entered a Li'l Cricket store and told the clerk to get down on the floor or he would kill her. The clerk testified that she did not know what Dodd was going to kill her with and that the only thing she saw in his hand was a rolled up t-shirt. The State also presented the following statement from the defendant:

> I just want to see that lady at Li'L Cricket and hug her and apologize to her for coming in the store and robbing her on Monday night. I did not mean to hurt her and never pointed **the gun** at her. I just threatened her to scare her. I took my shirt off right before I walked in the store because I was hot and was on drugs. I've had a drug problem and I feel like it controls everything I do. (emphasis added)

The defense moved for a directed verdict, and the motion was denied. The jury found Dodd guilty of armed robbery.

## DISCUSSION

Dodd argues that his motion for directed verdict should have been granted because the State's evidence failed to

---

1. "The body of a crime." Black's Law Dictionary 344 (6th ed.1990).

2. "From another source." *Id.* at 73.

provide sufficient evidence *aliunde* his confession of the *corpus delicti* of armed robbery.

The "corroboration rule" requires that extra-judicial confessions of a defendant be corroborated by proof *aliunde* of the *corpus delicti*. *State v. Osborne*, 335 S.C. 172, 175, 516 S.E.2d 201, 202 (1999). "The [rule] is satisfied if the State provides sufficient independent evidence which serves to corroborate the defendant's extra-judicial statements and, together with such statements, permits a reasonable belief that the crime occurred." *Id.* at 180, 516 S.E.2d at 205.

"[G]enerally speaking, the term '*corpus delicti*' means, when applied to any particular offense, that the specific crime has actually been committed." *State v. Teal*, 225 S.C. 472, 474, 82 S.E.2d 787, 788 (1954) (citations omitted). The State may prove the *corpus delicti* of armed robbery by establishing that a robbery was committed and either one of two additional elements: (1) that the robber was armed with a deadly weapon or (2) that the robber alleged he was armed with a deadly weapon, either by action or words, while using a representation of a deadly weapon or any object. *See* S.C.Code Ann. § 16–11–330(A) (Supp.2001); *State v. Muldrow*, 348 S.C. 264, 268–269, 559 S.E.2d 847, 849 (2002).

Considering the second prong first, we note that although Dodd threatened to kill the store clerk, he never alleged that he was armed nor used an item to represent a deadly weapon. Therefore, this prong of the statute was not satisfied.

The question, then, is whether Dodd's admission that he had a gun coupled with the clerk's testimony that he threatened to kill her, satisfied the first prong of the statute, which requires that the State prove Dodd was armed with a deadly weapon. We believe that it does.

Once Dodd confessed to having a gun during the commission of his robbery, the State only needed to present sufficient independent evidence to corroborate those statements so that a jury could reasonably believe an armed robbery occurred. *See Osborne.* 335 S.C. at 180, 516 S.E.2d at 205; *see also State v. Trexler*, 316 N.C. 528, 342 S.E.2d 878, 880 (1986) (finding that the corroboration rule only requires the State's

independent evidence to "touch or be concerned with the *corpus delicti*" and, standing alone, it need not prove any element of the crime).

Here, Dodd's confession to having a gun was corroborated by his threat to the clerk that he would kill her if she did not do as he told her. Although his threat, unaccompanied by any representation of a deadly weapon, would not *independently* be sufficient to establish the element of a deadly weapon, the threat *is* sufficient to corroborate Dodd's confession to being armed. *See Muldrow*, 348 S.C. 264 at 268, 559 S.E.2d at 849 (holding that the State did not sufficiently prove the defendant was armed when the only evidence against him was that he handed a clerk a note that read: "Give me all your cash or I'll shoot you," and there was no confession to having a gun). When there is any evidence tending to establish the *corpus delicti* of a crime, it is the trial judge's duty to pass that question to the jury. *See Osborne*, 335 S.C. at 180, 516 S.E.2d at 205; *State v. Williams*, 321 S.C. 381, 385, 468 S.E.2d 656, 658 (1996). Therefore, the trial judge did not err in denying Dodd's motion for a directed verdict.

Accordingly, Dodd's conviction for armed robbery is

**AFFIRMED.**

GOOLSBY and SHULER, JJ., concur.