THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Mark Anthony Shaw,       
Appellant.
 
 
 

Appeal From Anderson County
John W. Kittredge, Circuit Court Judge

Unpublished Opinion No. 2003-UP-304
Submitted February 20, 2003  Filed 
 May 1, 2003   

AFFIRMED

 
 
 
Assistant Appellate Defender Eleanor Duffy Cleary, of Columbia; for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 Assistant Attorney General Deborah R. J. Shupe, of Columbia; Druanne Dykes White, 
 of Anderson; for Respondent.
 
 
 

PER CURIAM: Mark Anthony Shaw was indicted 
 on one count of grand larceny and one count of second degree burglary by the 
 Anderson County grand jury.  Following a jury trial, Shaw was found guilty of 
 second degree burglary and petit larceny and was sentenced to life in prison 
 without the possibility of parole on the burglary charge and ten years concurrent 
 on the petit larceny conviction. Shaw appeals arguing the trial court erred 
 in admitting his statement to the police because the evidence showed the statement 
 was induced by the officers implied promise of leniency.   Shaw also contends 
 that the trial court erred in refusing to exercise its discretion and allowing 
 the state to admit his prior burglary convictions when the uncontradicted evidence 
 was that the burglary occurred at night, and as a result, the prior convictions 
 were more prejudicial than probative.   
We affirm 
 [1] pursuant to Rule 220(b)(2), SCACR, and the following authorities:  
 Issue one:  State v. McLeod, 303 S.C. 420, 423, 401 S.E.2d 
 175, 177 (1991), overruled on other grounds by State v. Evans, 
 307 S.C. 477, 415 S.E.2d 816 (1992) (The trial courts determination of the 
 voluntariness of a statement will not be disturbed unless so manifestly erroneous 
 as to show an abuse of discretion amounting to an error of law.); State 
 v. Franklin, 299 S.C. 133, 136,  382 S.E.2d 911, 912 (1989) (Any statement 
 given freely and voluntarily without any compelling influence is admissible 
 in evidence.); State v. Peake, 291 S.C. 138, 139, 352 S.E.2d 487, 488 
 (1987)(A statement induced by a promise of leniency is involuntary only if 
 so connected with the inducement as to be a consequence of the promise.);  State 
 v. Creech, 314 S.C. 76, 84, 441 S.E.2d 635, 639 (Ct. App. 1993) (citing 
 State v. Middleton, 288 S.C. 21, 339 S.E.2d 692 (1986)(In making the 
 determination, the trial judge should examine the totality of circumstances 
 surrounding the utterance to determine whether the state has met its burden 
 of proof so as to warrant admission of the confession.  Part of the States 
 burden during this hearing is to prove that the statement was voluntary and 
 taken in compliance with Miranda.).   
Issue two: State v. Tucker, 
 319 S.C. 425, 428, 462 S.E.2d 263, 265 (1995) (The admission of evidence is 
 within the trial judges discretion and will not be disturbed on appeal absent 
 abuse of that discretion.);  State v. Cheatham, 349 S.C. 101, 109-10, 
 561 S.E.2d 618, 623 (Ct. App. 2002) (In a prosecution for first degree burglary, 
 the defendants willingness to stipulate to one of two alternative elements 
 of the crime, namely, the element requiring that alleged entry occurred at nighttime, 
 does not preclude the State from offering evidence of an alternate element of 
 the crime, namely, that defendant had a record of two or more convictions of 
 burglary or housebreaking.); State v. Hamilton, 327 S.C. 440, 446-47, 
 486 S.E.2d 512, 515 (Ct. App. 1997) (Evidence of prior burglary or housebreaking 
 convictions are properly admitted for the limited purpose of establishing  the 
 elements of first-degree burglary.)  
AFFIRMED.
HEARN, C.J., CURETON 
 and GOOLSBY, JJ., concur. 

 
 
 [1] We decide this case without oral argument pursuant to Rule 215, SCACR.