674 S.E.2d 171

**Joseph HOLMAN, Petitioner,**

**v.**

**STATE of South Carolina, Respondent.**

**No. 26609.**

Supreme Court of South Carolina.

Submitted Jan. 22, 2009.

Decided March 9, 2009.

Deputy Chief Appellate Defender Wanda H. Carter, of South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster; Chief Deputy Attorney General John W. McIntosh; Assistant Deputy Attorney General Salley W. Elliott; Assistant Attorney General Lance S. Boozer, of Columbia, for Respondent.

Justice KITTREDGE.

We granted Holman's petition to review an order denying post-conviction relief (PCR) and now reverse, finding trial counsel deficient for failing to object to the introduction of wholly irrelevant and prejudicial evidence. Accordingly, we grant PCR relief in the form of a new trial.

Petitioner was charged with multiple offenses arising from a shooting incident at Voorhees College in Bamberg County, South Carolina, on the evening of January 21, 2000, which spilled over into the early morning hours of the following day. Petitioner was alleged to be the shooter. Because Petitioner was seventeen at the time, he was further charged with possession of a pistol under the age of twenty-one. A week following the January 21st shooting incident, a search of Petitioner's residence yielded a pistol. The handgun seized from Petitioner's residence was in no manner connected to the shooting incident at Voorhees College. Moreover, Petitioner was not charged with underage possession of the pistol seized

from his residence. We are troubled by the State's effort to admit the unrelated firearm in evidence. More troubling is Petitioner's trial counsel's failure to object to the admission of the unrelated pistol.

We hold that the failure to object to this clearly inadmissible evidence was ineffective assistance of counsel. We reject the suggestion that the failure to object to the unrelated pistol can be justified as a valid trial strategy. *Whitehead v. State,* 308 S.C. 119, 122, 417 S.E.2d 529, 531 (1992) ("Courts must be wary of second-guessing counsel's trial tactics; and where counsel articulates a valid reason for employing certain strategy, such conduct will not be deemed ineffective assistance of counsel."). Substantial, and easily avoidable, prejudice resulted from Petitioner's failure to challenge the admission of the firearm unconnected to the charged offenses. *State v. McConnell,* 290 S.C. 278, 280, 350 S.E.2d 179, 180 (1986) (holding the admission of bullets and a pistol unconnected to the crime was erroneous and prejudicial).

The admission of this irrelevant and prejudicial evidence undermines confidence in the outcome of the trial. *Ard v. Catoe,* 372 S.C. 318, 331, 642 S.E.2d 590, 596 (2007) ("[The prejudice prong is satisfied when] there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial.") (internal citations omitted); *Von Dohlen v. State,* 360 S.C. 598, 603, 602 S.E.2d 738, 740–41 (2004) ("In order to prove counsel was ineffective, the applicant must show that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial."). As both the deficient performance and prejudice prongs are satisfied, we hold trial counsel was ineffective. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Therefore, we reverse the denial of PCR and grant the requested relief of a new trial.

**REVERSED AND REMANDED.**

TOAL, C.J., WALLER, PLEICONES and BEATTY, JJ., concur.