THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 
 

v.

 
 
 
 Denen L.
 Johnson, Appellant
 
 
 
 

Appeal From Charleston County
 R. Markley Dennis, Jr., Circuit Court
Judge

Unpublished Opinion No. 2011-UP-008
 Submitted January 1, 2011  Filed January
24, 2011

AFFIRMED

 
 
 
 Appellate Defender Elizabeth A.
 Franklin-Best, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Deborah R.J. Shupe, all of Columbia; and
 Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.
 
 
 

PER CURIAM:  Denen L. Johnson appeals his conviction for armed robbery, arguing the circuit court erroneously denied his
 motion for a directed verdict.  He contends the victim's subjective belief was
 insufficient evidence to show he was armed or tried to induce the belief he was
 armed.  We affirm.[1]
An appellate court reviews
 the denial of a directed verdict by viewing the evidence and all reasonable
 inferences in the light most favorable to the State.  State v. Weston,
 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006).  "If there is any direct
 evidence or any substantial circumstantial evidence reasonably tending to prove
 the guilt of the accused, [an appellate court] must find the case was properly
 submitted to the jury."  Id. at 292-93, 625 S.E.2d at 648.  The
 circuit court may not consider the weight of the evidence.  Id. at 292,
 625 S.E.2d at 648.
Robbery rises to armed robbery on the occurrence of one of two additional
 elements: (1) that the robber was "armed with a pistol . . . or other
 deadly weapon" or (2) that the robber "alleg[ed], either by action or
 words, he was armed while using a representation of a deadly weapon or any
 object which a person present during the commission of the robbery reasonably
 believed to be a deadly weapon."  S.C. Code Ann. § 16-11-330(A) (2003); State
 v. Dodd, 354 S.C. 13, 17, 579 S.E.2d 331, 333 (Ct. App. 2003).  A jury may
 infer the presence of a deadly weapon from circumstantial evidence.  State
 v. Muldrow, 348 S.C. 264, 268, 599 S.E.2d 847, 849 (2002).  However, if
 there is insufficient evidence the robber was armed with a deadly weapon, the
 second prong of the armed robbery statute "ensures that the use of [an]
 object which is in fact not a deadly weapon will support a conviction for armed
 robbery."  Id. at 269, 599 S.E.2d at 850.  A jury can conclude that
 a defendant was "armed under the requisite circumstances without having to
 conclude that he was, in fact, so armed."  State v. Jones, 342 S.C.
 248, 253, 536 S.E.2d 396, 398 (Ct. App. 2000).
Here, the State
 presented sufficient evidence to meet both prongs of the armed robbery
 statute.  Contrary to Johnson's assertion, the victim's subjective belief was
 not the State's only evidence relevant to the armed robbery charge.  Rather,
 the State's evidence included the robbery note, the surveillance video, and the
 victim's testimony of her observations during the robbery.  The evidence showed
 that Johnson told the victim he would hurt her if she did not comply with his
 demands and put his hand under his shirt as if he was pointing an object toward
 her.  Moreover, the victim testified she thought he was armed with a gun. 
 Therefore, sufficient evidence existed for a jury to reasonably infer Johnson
 was armed with a deadly weapon.  Furthermore, the State's evidence sufficiently
 showed Johnson alleged or purported he was armed while using either a
 representation of or an object reasonably believed to be a deadly weapon.  Accordingly,
 the decision of the circuit court is
AFFIRMED.
FEW, C.J.,
 SHORT and WILLIAMS, JJ., concur. 

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.