**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

John Henry Smith, Appellant.

Appellate Case No. 2013-000876

Appeal From Horry County
Larry B. Hyman, Jr., Circuit Court Judge

Unpublished Opinion No. 2015-UP-095
Heard February 12, 2015 – Filed February 25, 2015

**AFFIRMED**

Kathrine Haggard Hudgins, of Columbia, for Appellant.

Jimmy A. Richardson, II, of Conway, and Attorney General Alan McCrory Wilson and Assistant Attorney General J. Benjamin Aplin, both of Columbia, for Respondent.

**PER CURIAM:**  John Henry Smith appeals the trial court's refusal to grant a directed verdict of acquittal for armed robbery when the State failed to introduce evidence of a weapon.  We affirm.

We hold the trial court did not err in denying Smith's motion for a directed verdict for armed robbery. The armed robbery statute requires that, for a conviction, a robbery must have been committed and a weapon or the representation of a weapon had to be present at the commission of the robbery. *See* S.C. Code Ann. § 16-11-330(A) (2003); *State v. Moore*, 374 S.C. 468, 477, 649 S.E.2d 84, 88 (Ct. App. 2007) ("[I]t is the use or alleged use of a deadly weapon that distinguishes armed robbery from robbery"); *State v. Dodd*, 354 S.C. 13, 17, 579 S.E.2d 331, 333 (Ct. App. 2003) (stating that, for conviction of armed robbery, the state must establish "that a robbery was committed and either . . . (1) that the robber was armed with a deadly weapon or (2) that the robber alleged he was armed with a deadly weapon, either by action or words, while using a representation of a deadly weapon or any object"). Here, Smith stated that he had a gun and he kept his right hand in his pocket throughout the robbery in a manner that appeared awkward under the circumstances. On the facts of this case, the act of keeping his right hand in his pocket for the entirety of the robbery is sufficient evidence of a representation of a deadly weapon for the trial court to deny the motion for a directed verdict and submit the case to the jury.

**FEW, C.J., and HUFF AND WILLIAMS, JJ., concur.**

**AFFIRMED.**