**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Jason Edward Kinloch, Appellant.

Appellate Case No. 2014-002332

Appeal From Berkeley County
W. Jeffrey Young, Circuit Court Judge

Unpublished Opinion No. 2016-UP-294
Heard May 2, 2016 – Filed June 15, 2016

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek and Appellate Defender David Alexander, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Sherrie Ann Butterbaugh, all of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

**PER CURIAM:** Jason Edward Kinloch appeals his convictions for murder, armed robbery, and criminal conspiracy, arguing the trial court erred in (1) denying his motion for a directed verdict when the State failed to present independent corroborating evidence beyond his confessions and (2) admitting a shotgun seized from an alleged accomplice when it was irrelevant and its probative value was substantially outweighed by its unduly prejudicial effect. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying Kinloch's motion for a directed verdict: *State v. Bennett*, 415 S.C. 232, 235, 781 S.E.2d 352, 353 (2016) ("On appeal from the denial of a directed verdict, [an appellate court] views the evidence and all reasonable inferences in the light most favorable to the State." (quoting *State v. Butler*, 407 S.C. 376, 381, 755 S.E.2d 457, 460 (2014))); *id.* at 236-37, 781 S.E.2d at 354 ("[W]hen ruling on a directed verdict motion, the trial court views the evidence in the light most favorable to the State and must submit the case to the jury if there is 'any substantial evidence which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly and logically deduced.'" (quoting *State v. Littlejohn*, 228 S.C. 324, 329, 89 S.E.2d 924, 926 (1955))); *State v. Dodd*, 354 S.C. 13, 17, 579 S.E.2d 331, 333 (Ct. App. 2003) ("The 'corroboration rule' requires that extra-judicial confessions of a defendant be corroborated by proof *aliunde* of the *corpus delicti*."); *id.* ("The [rule] is satisfied if the State provides sufficient independent evidence which serves to corroborate the defendant's extra-judicial statements and, together with such statements, permits a reasonable belief that the crime occurred." (alteration by *Dodd*) (quoting *State v. Osborne*, 335 S.C. 172, 180, 516 S.E.2d 201, 205 (1999))); *id.* at 18, 579 S.E.2d at 334 (concluding the victim's testimony that the defendant threatened to kill her sufficiently corroborated his confession to using a firearm during the robbery, thereby establishing the use of a deadly weapon and the *corpus delicti* of armed robbery).

2. As to whether the trial court erred in admitting a shotgun seized from an alleged accomplice: *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); *State v. Spears*, 393 S.C. 466, 478-79, 713 S.E.2d 324, 330-31 (Ct. App. 2011) (affirming the admission of a pistol because it was relevant and highly probative when several witnesses testified it was similar to the pistol the defendant used in the robbery); *State v. McConnell*, 290 S.C. 278,

279-80, 350 S.E.2d 179, 180 (1986) (finding the trial court erred in admitting a .22 caliber pistol, two .22 caliber bullets, two .25 caliber bullets, and a picture depicting a hole in the apartment window because there was an "*insufficient connection* between the evidence and the crime with which [the defendant] was charged" (emphasis added)); *Holman v. State*, 381 S.C. 491, 492-93, 674 S.E.2d 171, 172 (2009) (finding the defendant's trial counsel ineffective for failing to object to the admission of a "clearly inadmissible" pistol that "was in *no manner connected* to the shooting incident" (emphasis added)).

**AFFIRMED.**

**SHORT and THOMAS, JJ., and CURETON, A.J., concur.**