**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Tyreece Raheam Stokes, Appellant.

Appellate Case No. 2018-001419

Appeal From Dorchester County
Clifton Newman, Circuit Court Judge

Unpublished Opinion No. 2021-UP-094
Submitted February 1, 2021 – Filed March 24, 2021

**AFFIRMED**

Appellate Defender Joanna Katherine Delany, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jonathan Scott Matthews, both of Columbia; Solicitor David Michael Pascoe, Jr., of Orangeburg, all for Respondent.

**PER CURIAM:** Appellant's conviction is affirmed. As to the knives recovered during Appellant's arrest, the knives matched the victim's description of the weapons used in the attack and were therefore relevant and admissible. *See* Rule 401, SCRE.

The robber who threatened the victim carried a steak knife and a butcher knife. These are common household knives but are not commonly carried. The fact that officers found similar knives on and near Appellant when he was arrested is plainly probative of his identity as the victim's assailant. Furthermore, there is no indication the knives were admitted to show Appellant had a criminal history or propensity for violence; therefore, their probative value outweighed the danger of unfair prejudice. *See* Rule 403, SCRE.

Although there is no question one of the knives recovered during Appellant's arrest could not have been used in the crime (the robber left the steak knife stuck in the victim's chest) the victim testified that the steak knife recovered during Appellant's arrest was similar to the steak knife used in the attack and left at the crime scene. As noted above, the fact that officers found similar knives on and near Appellant when he was arrested hiding in the woods—nowhere near a kitchen or dining room—is probative of his identity as the assailant.

*State v. McConnell* and *State v. Elders* are meaningfully distinguishable. In *McConnell*, a firearm with no possible connection to the murder was excluded because it lacked any probative value and "raised spurious inferences of prior bad acts." 290 S.C. 278, 279-80, 350 S.E.2d 179, 180 (1986). In *Elders*, "none of the witnesses specifically testified that the knives were similar to the knife used to commit the crimes." 386 S.C. 474, 486, 688 S.E.2d 857, 863-64 (Ct. App. 2010). Here, the knives matched the victim's description of the knives from the attack and were probative of identity, as noted above.

As to the jury charge, it was possible for the jury to infer from the evidence that the attacker committed ABHAN, not attempted murder. Although a jury could have inferred specific intent to kill from the violent nature of the attack and the attacker's statement that he did not "give an F" about the victim's kids, the question of the attacker's specific intent was ultimately for the jury to determine. Therefore, the ABHAN charge was proper. *See State v. Sams*, 410 S.C. 303, 308, 764 S.E.2d 511, 513 (2014) ("The trial court is required to charge a jury on a lesser-included offense if there is evidence from which it could be inferred that the defendant committed the lesser, rather than the greater, offense.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.